1   David E. Rogers (#19274)
    Trisha Farmer Lau (#028809)
2   SNELL & WILMER L.L.P.
    One Arizona Center
3   400 E. Van Buren, Suite 1900
    Phoenix, Arizona  85004-2202
4   Telephone:  602.382.6000
    Facsimile:  602.382.6070
5   E-Mail: drogers@swlaw.com
            tlau@swlaw.com
6
7   Lynda J. Zadra-Symes (CA SBN 156511)
    lynda.zadrasymes@knobbe.com
8   (pro hac vice pending)
    Jason A. Champion (CA SBN 259207)
9   jason.champion@knobbe.com
    (pro hac vice pending)
10  Julianna M. Simon (CA SBN 307664)
    julianna.simon@knobbe.com
11  (pro hac vice pending)
    KNOBBE, MARTENS, OLSON & BEAR, LLP
12  2040 Main Street, Fourteenth Floor
    Irvine, CA  92614
13  Phone: (949) 760-0404
    Facsimile: (949) 760-9502
14  Attorneys for Plaintiff Monster Energy Company

15
16              IN THE UNITED STATES DISTRICT COURT

17                  FOR THE DISTRICT OF ARIZONA

18  Monster Energy Company, a Delaware
    corporation,                              No.
19
                        Plaintiff,            **COMPLAINT FOR TRADEMARK
20                                            COUNTERFEITING, TRADEMARK
            v.                                INFRINGEMENT, FALSE
21                                            DESIGNATION OF ORIGIN,
    C&M Distributing, an Arizona corporation; TRADEMARK DILUTION,
22  and Ray L. Clayton, an individual,        COPYRIGHT INFRINGEMENT,
                                              AND UNFAIR COMPETITION**
23                      Defendants.
                                              **DEMAND FOR JURY TRIAL**
24

25

26  / / /

27  / / /

28  / / /

25416449

Plaintiff Monster Energy Company ("Plaintiff" or "Monster") hereby complains of Defendants C&M Distributing and Ray L. Clayton ("Clayton")(collectively, "Defendants"), and alleges as follows:

## I.    JURISDICTION AND VENUE

1.    This is an action for 1) trademark counterfeiting under 15 U.S.C. § 1114, 2) trademark infringement under 15 U.S.C. § 1114, 3) trademark infringement and false designation of origin under 15 U.S.C. § 1125(a), 4) federal dilution under 15 U.S.C. § 1125(c), 5) copyright infringement under 17 U.S.C. §§ 501 *et seq.*, 6) Arizona statutory trademark infringement under A.R.S. § 44-1451, 7) common law trademark infringement, 8) dilution under Arizona A.R.S. § 44-1448.01, 9) Arizona common law unfair competition, and 10) trademark counterfeiting under Arizona A.R.S. § 44-1453.

2.    The Court has original subject matter jurisdiction over the claims that relate to counterfeiting, trademark infringement, false designation of origin, and trademark dilution pursuant to 15 U.S.C. § 1116 and § 1121(a), copyright infringement arising under 17 U.S.C. §§ 501 *et seq.*, and  also pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1338(b) and § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.    This Court has personal jurisdiction over Defendants because they have a continuous, systematic, and substantial presence within this Judicial District and within Arizona.   In addition, by committing acts of trademark counterfeiting, trademark infringement, false designation of origin, trademark dilution, copyright infringement, and unfair competition in this Judicial District, including, but not limited to, using infringing marks and designs in connection with the sale and offering for sale of products to customers in this Judicial District, Defendants' acts form a substantial part of the events or omissions giving rise to Monster's claims.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) at least because Defendants reside in this Judicial District and a substantial portion of the events complained of herein took place in this Judicial District.

## II.      THE PARTIES

5.      Monster is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Monster Way, Corona, California 92879.

6.      Upon information and belief, C&M Distributing is an Arizona corporation organized and existing under the laws of the State of Arizona, having a business address of 1735 W Camino Kino Street, Yuma, Arizona, 85364.

7.      Upon information and belief, Ray L. Clayton is an individual residing in Mesa, Arizona.

## III.      COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

### A.      Monster's Trademarks

8.      Monster is a nationwide leader in the business of developing, marketing, selling, and distributing beverages, including energy drinks.

9.      In 2002, long before Defendants' acts described herein, Monster launched its MONSTER ENERGY® drink brand, bearing its now-famous mark ("Claw Icon"), MONSTER™ mark, and MONSTER ENERGY® mark.

10.      Monster has also used and continues to use its Claw Icon and MONSTER ENERGY®, M MONSTER ENERGY®, and MONSTER™ marks on a wide range of apparel products such as hats, headgear, helmets, t-shirts, sweatshirts, jackets, pants, bandanas, sweatbands, gloves, protective gear, and other products and services such as stickers, sports bags, backpacks, jewelry, posters and calendars and the promotion of sporting events and outdoor competitions, among other goods and services.

11.      Since 2002, Monster has also consistently used its Claw Icon and MONSTER™ mark to identify its beverage product line. Monster's MONSTER™ line of

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

drinks now includes 30 different products. Monster's MONSTER™ family of drinks includes, but is not limited to, the following beverages: original Monster Energy® and Lo-Carb Monster Energy®; Monster Assault®; Juice Monster® Khaos®; Juice Monster® Ripper®; Juice Monster® Pipeline Punch®; Ubermonster®; Monster Energy® Import; Punch Monster® Baller's Blend™; Punch Monster® Mad Dog™; Monster Energy® Unleaded®; Monster Energy® Absolutely Zero®; Monster Energy Zero® Ultra®; Monster Energy® Ultra Blue®; Monster Energy® Ultra Red®; Monster Energy® Ultra Black®; Monster Energy® Ultra Citron®; Monster Energy® Ultra Sunrise®; Monster Rehab®, which is a line of non-carbonated energy drinks, which includes MONSTER's Monster Rehab® Tea + Orangeade + Energy, Monster Rehab® Tea + Pink Lemonade + Energy, Monster Rehab® Tea + Lemonade + Energy, Monster Rehab® Raspberry Tea + Energy, and Monster Rehab® Peach Tea + Lemonade; Java Monster®, which is a line of dairy based coffee plus energy drinks; Muscle Monster®, which is a line of energy shakes; Monster Energy Extra Strength Nitrous Technology®, which is a line of energy drinks with a blend of nitrous oxide and carbon dioxide to create a smoother energy drink; and ® Monster Energy® which is a five ounce super concentrated energy drink, among others (referred to collectively as "MONSTER™ line of drinks").

12. Monster is also the owner of numerous trademark registrations for marks that incorporate its famous Claw Icon and MONSTER ENERGY®, M MONSTER ENERGY®, and/or MONSTER™ marks for use in connection with clothing, sports helmets, bags, beverages, nutritional supplements, and other products including the following U.S. Trademark Registrations:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 4,051,650 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely, hats and beanies | 07/28/2010 | 11/08/2011 |
|  | 3,908,601 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely, hats and beanies | 04/02/2009 | 01/18/2011 |
|  | 4,011,301 | Sports helmets; video recordings featuring sports, extreme sports, and motor sports | 07/27/2010 | 08/16/2011 |
|  | 3,914,828 | Sports helmets | 04/02/2009 | 02/01/2011 |
|  | 3,963,669 | All-purpose sport bags; all-purpose carrying bags; backpacks; duffel bags | 07/28/2010 | 05/17/2011 |
|  | 4,332,062 | Silicone wrist bands; Silicone bracelets; Jewelry, namely, bracelets and wristbands | 10/05/2012 | 05/07/2013 |
|  | 3,908,600 | Stickers; sticker kits comprising stickers and decals; decals | 04/02/2009 | 01/18/2011 |
|  | 3,923,683 | All purpose sport bags; All-purpose carrying bags; Backpacks; Duffle bags | 04/02/2009 | 02/22/2011 |

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

25416449

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 3,963,668 | Stickers; sticker kits comprising stickers and decals; decals; posters | 07/28/2010 | 05/17/2011 |
|  | 4,822,675 | Lanyards; Lanyards for holding whistles, keys, eyeglasses, sunglasses, mobile telephones, badges, identification cards, event passes, media passes, photographs, recording equipment, or similar conveniences | 8/25/2013 | 9/29/2015 |
|  | 4,660,598 | Lanyards; Lanyards for holding whistles, keys, eyeglasses, sunglasses, mobile telephones, badges, identification cards, event passes, media passes, photographs, recording equipment, or similar conveniences | 08/26/2013 | 12/23/2014 |
|  | 2,903,214 | Drinks, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated and non-carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/07/2003 | 11/16/2004 |

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

25416449

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 3,434,821 | Nutritional supplements | 09/07/2007 | 05/27/2008 |
|  | 3,434,822 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy | 09/07/2007 | 05/27/2008 |
|  | 4,625,118 | Dairy-based beverages; dairy-based energy shakes; energy shakes; coffee energy shakes; chocolate energy shakes; Ready to drink tea and tea based beverages; ready to drink flavored tea, tea based beverages; ready to drink coffee and coffee based beverages; ready to drink flavored coffee and coffee based beverages; ready to drink chocolate-based beverages | 06/04/2014 | 10/21/2014 |
|  | 4,721,432 | Promoting goods and services in the sports, motorsports, electronic sports, and music industries through the distribution of printed, audio and visual promotional materials; promoting sports and music events and competitions for others | 03/12/2014 | 04/14/2015 |

25416449

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 5,022,676 | Nutritional supplements in liquid form; Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 05/28/2014 | 08/16/2016 |
|  | 4,865,703 | Nutritional supplements in liquid form containing low Carbohydrates; Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks; all the forgoing containing low carbohydrates | 02/02/2015 | 12/08/2015 |
|  | 3,134,841 | Beverages, namely, carbonated soft drinks, carbonated soft drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy and sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/07/2003 | 08/29/2006 |

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 4,865,702 | Nutritional supplements in liquid form; Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 02/02/2015 | 12/08/2015 |
|  | 4,849,689 | Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 02/02/2015 | 11/10/2015 |
|  | 4,849,687 | Nutritional supplements in liquid form; vitamin fortified beverages; Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 02/02/2015 | 11/10/2015 |

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

25416449

- 9 -

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 4,849,688 | Nutritional supplements in liquid form; vitamin fortified beverages; Non-alcoholic beverages, namely, carbonated soft drinks; carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks | 02/02/2015 | 11/10/2015 |
|  | 4,849,747 | Nutritional supplements in liquid form; Non-alcoholic beverages, namely, soft drinks, carbonated soft drinks, energy drinks, and sports drinks; energy drinks and sports drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs | 02/10/2015 | 11/10/2015 |
|  | 4,790,629 | Nutritional supplements in liquid form; Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages; Non-alcoholic beverages, namely, soft drinks, energy drinks, sports drinks and fruit juice drinks, all the foregoing enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs | 02/04/2015 | 08/11/2015 |

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

25416449

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 4,768,827 | Nutritional supplements in liquid form; Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages; Non-alcoholic beverages, namely, soft drinks, energy drinks, sports drinks and fruit juice drinks, all the foregoing enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs | 02/04/2015 | 07/07/2015 |
|  | 4,768,826 | Nutritional supplements in liquid form; Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages; Non-alcoholic beverages, namely, soft drinks, energy drinks, sports drinks and fruit juice drinks, all the foregoing enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs | 02/04/2015 | 07/07/2015 |
|  | 4,768,820 | Nutritional supplements in liquid form; Non-alcoholic beverages, namely, energy drinks, sports drinks and fruit juice drinks, all the foregoing enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs | 02/02/2015 | 07/07/2015 |

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

25416449

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
|  | 4,768,828 | Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages; | 02/04/2015 | 07/07/2015 |
| MONSTER ENERGY | 3,044,315 | Nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/23/2003 | 01/17/2006 |
| M MONSTER ENERGY | 3,044,314 | Nutritional supplements in liquid form, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/23/2003 | 01/17/2006 |
| MONSTER ENERGY | 3,057,061 | Fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 04/18/2002 | 02/07/2006 |

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| M MONSTER ENERGY | 3,134,842 | Beverages, namely, carbonated soft drinks, carbonated drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf stable, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 05/07/2003 | 08/29/2006 |
| MONSTER ENERGY | 4,036,680 | Nutritional supplements in liquid form | 09/11/2007 | 10/11/2011 |
| MONSTER ENERGY | 4,036,681 | Non-alcoholic beverages, namely, energy drinks, excluding perishable beverage products that contain fruit juice or soy | 09/11/2007 | 10/11/2011 |
| MONSTER ENERGY | 4,721,433 | Promoting goods and services in the sports, motorsports, electronic sports, and music industries through the distribution of printed, audio and visual promotional materials; promoting sports and music events and competitions for others | 03/12/2014 | 04/14/2015 |

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

25416449

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| MONSTER REHAB | 4,111,964 | Ready to drink tea, iced tea and tea based beverages; ready to drink flavored tea, iced tea and tea based beverages | 08/24/2011 | 03/13/2012 |
| JAVA MONSTER | 3,959,457 | Beverages, namely, soft drinks; non-carbonated energy drinks; non-carbonated sports drinks; soft drinks and non-carbonated energy drinks, all enhanced with vitamins, minerals, nutrients, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 12/8/2005 | 05/10/2011 |
| MONSTER UNLEADED | 5,041,267 | Nutritional supplements; non-alcoholic drinks, namely, carbonated soft drinks, carbonated energy drinks, sports drinks, and soft drinks, energy drinks and sports drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs | 08/03/2011 | 09/13/2016 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| MONSTER REHAB | 4,129,288 | Nutritional supplements in liquid form<br><br>Beverages, namely, non-alcoholic non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks, fruit juice drinks having a juice content of 50% or less by volume that are shelf-stable; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 07/06/2010 | 04/17/2012 |
| MUSCLE MONSTER | 4,376,796 | Nutritional supplements in liquid form; beverages, namely, soft drinks; non-alcoholic and non-carbonated drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; non-carbonated energy or sports drinks; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 07/02/2010 | 07/30/2013 |

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

25416449

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| MUSCLE MONSTER | 4,451,535 | Vitamin fortified beverages; dairy-based beverages; dairy-based energy shakes; energy shakes; coffee energy shakes; chocolate energy shakes; ready to drink coffee based beverages; ready to drink chocolate-based beverages | 07/10/2013 | 12/17/2013 |
| MONSTER ENERGY ULTRA RED | 4,532,292 | Nutritional supplements in liquid form; vitamin fortified beverages; non-alcoholic beverages, namely, energy drinks, soft drinks, sports drinks, all enhanced with vitamins, minerals, nutrients, amino acids and/or herbs; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 06/13/2013 | 05/20/2014 |
| MONSTER ENERGY ULTRA BLUE | 4,534,414 | Nutritional supplements in liquid form; vitamin fortified beverages; non-alcoholic beverages, namely, energy drinks, soft drinks, sports drinks, all enhanced with vitamins, minerals, nutrients, amino acids and/or herbs; all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 01/02/2013 | 05/20/2014 |

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| JUICE MONSTER | 4,716,750 | Nutritional supplements in liquid form; Non-alcoholic beverages, namely, energy drinks and drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs, but excluding perishable beverage products that contain fruit juice or soy. | 02/24/2012 | 04/07/2015 |
| MONSTER ASSAULT | 4,634,053 | Nutritional supplements in liquid form; vitamin fortified beverages; Non-alcoholic beverages, namely, energy drinks, energy drinks flavored with juice, sports drinks, all enhanced with vitamins, minerals, nutrients, proteins, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 11/15/2013 | 11/04/2014 |

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

25416449

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|---|---|---|---|---|
| PUNCH MONSTER | 4,604,556 | Nutritional supplements in liquid form; vitamin fortified beverages; Non-alcoholic beverages, namely, energy drinks, energy drinks flavored with juice, sports drinks, all enhanced with vitamins, minerals, nutrients, proteins, amino acids, and/or herbs, but excluding perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 11/22/2013 | 09/16/2014 |
| UBERMONSTER | 4,234,456 | Nutritional supplements in liquid form; beverages, namely, carbonated soft drinks; non-alcoholic carbonated soft drinks and energy drinks enhanced with vitamins, minerals, nutrients, proteins, amino acids and/or herbs; carbonated energy drinks and sports drinks, all the foregoing goods exclude perishable beverage products that contain fruit juice or soy, whether such products are pasteurized or not | 07/09/2010 | 10/30/2012 |
| LO-CARB MONSTER ENERGY | 3,852,118 | Nutritional supplements; non-alcoholic beverages, namely, energy drinks, drinks enhanced with vitamins, minerals, nutrients, amino acids and/or herbs | 02/13/2009 | 09/28/2010 |

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

25416449

13.     Attached hereto as Exhibits A1-A49 are true and correct copies of Monster's trademark registrations identified in paragraph 12 of this Complaint, which are hereby incorporated by reference.

14.     Pursuant to 15 U.S.C. § 1065, U.S. Trademark Registration Nos. 3,963,669, 3,963,668, 2,903,214, 3,434,821, 3,434,822, 3,134,841, 3,044,315, 3,044,314, 3,057,061, 3,134,842, 3,959,457, and 3,852,118 are now incontestable.

15.     Monster is also the owner of the following Arizona trademark registration for the Claw Icon for use in connection with clothing:

| MARK | REG. NO. | GOODS/SERVICES | DATE FILED | REG. DATE |
|------|----------|----------------|------------|-----------|
|  | 55,441 | Clothing, namely, t-shirts, hooded shirts and hooded sweatshirts, sweat shirts, jackets, pants, bandanas, sweat bands and gloves; headgear, namely hats and beanies | 04/07/2011 | 04/08/2011 |

16.     Attached hereto as Exhibits B1 is a true and correct copy of Monster's trademark registration identified in paragraph 15 of this Complaint, which is hereby incorporated by reference.  Collectively, the common law trademark rights referenced in paragraphs 9 through 11 and the registrations and trademarks referenced in paragraphs 12 and 15 of this Complaint, including all common law rights therein, are referred to as the "MONSTER™ Marks."

17.     In addition, Monster is the owner of valid copyright registrations for its Claw Icon and can art and packaging designs featuring its Claw Icon, including at least U.S. Copyright Registration Nos. VA 1-789-900, VA 1-789-991, VA 1-727-577, VA 1-737-654, and VA 1-749-215. Collectively, these registrations are referred to as the "Copyrighted Claw Icon Designs."  Attached hereto as Exhibits C1-5 are true and correct copies of Monster's copyright registrations.

25416449

18.     Long before Defendants' acts described herein, Monster has used, and continues to use, its Copyrighted Claw Icon Designs and MONSTER™ Marks in connection with apparel and accessories, including, for example, t-shirts, hooded shirts, hooded sweatshirts, sweatshirts, jackets, pants, bandanas, sweat bands, gloves and headgear.  True and correct examples of authorized hats, apparel and accessories bearing Monster's Copyrighted Claw Icon Designs and MONSTER™ Marks are shown below.













19.     As shown in the images above, Monster's authorized hats, apparel and accessories are prominently marked with Monster's Copyrighted Claw Icon Designs and MONSTER™ Marks.

20.     Since 2002, Monster has sold and/or distributed millions of articles of clothing, including, but, not limited to, t-shirts, sweatshirts, outwear, athletic attire and hats.   These clothing items have been sold and/or distributed by Monster through giveaways, the MONSTER ARMY™ program, the Monster Gear program and Monster's distribution of products to retailers and distributors, among other channels.   In addition, since at least as early as 2006, Monster has licensed its Copyrighted Claw Icon Designs and MONSTER™ Marks for use in connection with clothing, accessories, and other items.   The clothing items prominently display the Copyrighted Claw Icon Designs and/or the MONSTER™ Marks.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

25416449

21.     Monster's Copyrighted Claw Icon Designs and MONSTER™ Marks are the subject of substantial and continuous marketing and promotion by Monster in connection with its MONSTER™ line of energy drinks, apparel and

accessories.   Since 2002, Monster has spent approximately $4.3 billion marketing and promoting the Copyrighted Claw Icon Designs and MONSTER™ brand, including in connection with its apparel products. Monster has grown into an international brand, as its products are now sold in approximately 120 countries and territories worldwide.

22.     Monster has and continues to widely market and promote its Copyrighted Claw Icon Designs and MONSTER™ Marks in the industry and to consumers by displaying the Copyrighted Claw Icon Designs and MONSTER™ Marks on more than 17.6 billion cans sold worldwide to date.  Monster's promotional efforts also include – by way of example but not limitation – widespread distribution of promotional and point of sale materials, product samplings, apparel and merchandise bearing the Copyrighted Claw Icon Designs and MONSTER™ Marks, in magazines and other industry publications, on the MONSTER ENERGY® website and other Internet websites, attendance at trade shows, and sponsorship of concert tours, live events, athletes, athletic teams, and athletic competitions around the world.

23.     Shown below are true and accurate representative pictures illustrating just a few examples of Monster's MONSTER™ point of sale materials bearing Monster's famous Copyrighted Claw Icon Designs and MONSTER™ Marks:



Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

 

24.     As of 2015, Monster sponsors the Ultimate Fighting Championship ("UFC") as its official energy drink partner (excluding in Brazil).  The Copyrighted Claw Icon Designs appears on the UFC's Octagon center canvas and the fighter gate vertical bumpers for all live UFC events and on the Octagon Girls uniforms, excluding those which take place in Brazil.  Some examples of Monster's sponsorships in those areas are shown, for example, below:

 

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000



25.     Monster also sponsors or has previously sponsored more than 200 athletes or athletic teams who compete in a wide-variety of sports, including but not limited to athletes competing in the UFC, the X Games, the Winter X Games, MONSTER ENERGY® AMA Supercross motorcycle racing, Formula One automobile racing, Road Racing World Championship Grand Prix motorcycle racing ("MotoGP"), NASCAR, Professional Bull Riding, the Kentucky Derby and the National Football League.  For example, in November 2016, Monster entered into a sponsorship agreement with Tiger Woods, one of the greatest golfers of all time. When competing, at public appearances, or both, the sponsored athletes and team members almost always wear clothing or use equipment that prominently display the Copyrighted Claw Icon Designs and/or MONSTER™ Marks. Through Monster's sponsorships, millions of consumers have been exposed to the Copyrighted Claw Icon Designs and the MONSTER™ Marks when they watch the athletes and teams compete at events—many of which are televised nationwide—or see the athletes at public appearances or in Internet postings and magazines.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

25416449

26.     In addition to UFC events, Monster also sponsors numerous other athletic events in connection with its MONSTER™ line of energy drinks, apparel and accessories bearing the Copyrighted Claw Icon Designs and the MONSTER™ Marks.  For example, in December 2016, Monster announced that it will be the new title sponsor of America's premier NASCAR Sprint Cup Series, which will now be called the MONSTER ENERGY NASCAR SERIES.  NASCAR Sprint Cup Series is widely broadcasted worldwide in 150 countries.   Monster also sponsors or has sponsored the X Games, the MONSTER ENERGY® AMA Supercross Series, MotoGP races, the MONSTER ENERGY® Pipeline Pro Surf event, the MONSTER ENERGY® Speedway World Championship, the Professional Bull Riders bull riding series and its 20 plus events in cities around the United States (televised in the United States on CBS), the MONSTER ENERGY® Billabong XXL Awards, Street League Skateboarding events, Arenacross events, the Off-Road Championship event (TORC), SCORE Off-Road Racing events, King of the Hammers desert racing event, and the Pole Position racing events, among others.  Some examples of Monster's sponsorships in those areas are shown, for example, below:



Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

25416449





27.     In addition to sponsoring professional athletes and teams, since at least 2004, Monster has maintained an amateur athlete development program under the mark MONSTER ARMY™.  More than 376,000 amateur athletes in various extreme sports have applied to be accepted as part of the MONSTER ARMY™ through the MONSTER ARMY™ web site WWW.MONSTERARMY.COM.

28.     Monster supports members of the MONSTER ARMY™ in many different ways, but such support often includes assistance with clothing, gear, training, and travel. Members of the MONSTER ARMY™ wear clothing and other gear branded with the Copyrighted Claw Icon Designs and/or MONSTER™ Marks in order to promote the Copyrighted Claw Icon Designs and MONSTER™ Marks during competition.  Further, Monster's     MONSTER     ARMY™     has     a     Facebook     page     at

25416449

https://www.facebook.com/MonsterArmy. The MONSTER ARMY™ Facebook page has more than 302,000 likes.

29.     Monster's MONSTER™ products have achieved substantial commercial success.  Worldwide retail sales now exceed 3 billion cans per year, with estimated retail sales at approximately $6 billion per year worldwide.  Monster's MONSTER™ brand has established itself as the best-selling energy drink brand in the United States by unit volume.

30.     As a result of Monster's substantial use and promotion of its Copyrighted Claw Icon Designs and MONSTER™ Marks, the marks have acquired great value as specific identifiers of Monster's products and serve to identify and distinguish Monster's products from those of others.  Customers in this Judicial District and elsewhere readily recognize the Copyrighted Claw Icon Designs and the MONSTER™ Marks as distinctive designations of the origin of Monster's MONSTER™ brand of energy drinks, apparel and accessories, and other products and promotional items.  The Copyrighted Claw Icon Designs and MONSTER™ Marks are intellectual property assets of enormous value as symbols of Monster and its quality products, reputation, and goodwill.

**B.     C&M Distributing and Ray L. Clayton's Infringing Activities**

31.     On information and belief, Defendants are engaged in the business of manufacturing, distributing, marketing and selling hats bearing counterfeit and infringing marks and designs that are identical to at least one of the Copyrighted Claw Icon Designs and MONSTER™ Marks.     Defendants also operate the website <http://www.cmdistributing.com>.

32.     Without permission or consent from Monster, Defendants have sold and are offering for sale hats using logos and designs that are identical to at least one of the MONSTER™ Marks and substantially similar to Monster's Copyrighted Claw Icon Designs (the "Accused Products").  Some examples of the Accused Products are shown below:

25416449

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000



21   33.   Defendants are not affiliated with Monster.  At no time has Monster ever

22   given Defendants license, permission or authority to use or display Monster's

23   MONSTER™ Marks or Copyrighted Claw Icon Designs.

24   34.   On information and belief, Defendants purchased the hats from

25   manufacturers in Los Angeles.  At no time has Monster ever given these manufacturers

26   license, permission or authority to manufacture products that use or display Monster's

27   MONSTER™ Marks or Copyrighted Claw Icon Designs.

28

25416449

35.     On information and belief, Defendants are distributing the Accused Products to retail outlets, including convenience stores and gas stations, in Arizona and Utah.

36.     Defendants have attempted to capitalize on Monster's valuable reputation and customer goodwill in the MONSTER™ Marks by using marks that are identical and confusingly similar to Monster's MONSTER™ Marks in a manner that is likely to cause consumers and potential customers to believe that the Accused Products are associated with Monster or Monster's products, when they are not.

37.     Without permission or consent from Monster, Defendants have infringed the MONSTER™ Marks in interstate commerce by manufacturing, using, promoting, advertising, selling, and/or offering to sell products using marks that are identical and confusingly similar to Monster's MONSTER™ Marks.

38.     Upon information and belief, Defendants' actions alleged herein are intended to cause confusion, mistake, or deception as to the source of the Accused Products, and Defendants' acts complained of herein are willful and deliberate.

39.     Upon information and belief, Defendants' actions alleged herein are intended to cause consumers and potential customers to believe that Defendants' business and the goods that Defendants offer are associated with Monster or Monster's MONSTER™ products, when they are not.

40.     By virtue of the acts complained of herein, Defendants have created a likelihood of injury to Monster's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of Monster's goods and the Accused Products, and have otherwise competed unfairly with Monster by unlawfully trading on and using Monster's MONSTER™ Marks without Monster's permission or consent.

41.     Upon information and belief, Defendants have unlawfully copied protected elements of Monster's Copyrighted Claw Icon Designs.

42.     Upon information and belief, Defendants had access to Monster's Copyrighted Claw Icon Designs at least because Monster displays its Copyrighted Claw

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Icon Designs on its licensed clothing, packaging, its widespread promotional materials, and its publicly-available website.

43.     Without permission of Monster, Defendants are distributing, displaying, and reproducing an identical and substantially similar design bearing protected elements of Monster's Copyrighted Claw Icon Designs.

44.     Upon information and belief, Defendants' acts complained of herein are willful and deliberate.

45.     Defendants' acts complained of herein have caused damage to Monster in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from its wrongful acts and infringement.

46.     Defendants' acts complained of herein have caused Monster to suffer irreparable injury to its business.  Monster will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from the wrongful acts complained of herein.

## IV.     FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting Under 15 U.S.C. § 1114)

47.     Monster incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-46 above as if set forth fully herein.

48.     This is a claim for trademark counterfeiting arising under 15 U.S.C. § 1114.

49.     Defendants have intentionally used in commerce, without permission from Monster, marks that are identical to, or substantially indistinguishable from, the mark that is the subject of Monster's U.S. Trademark Registration No. 4,051,650 in connection with selling, offering for sale, advertising, and/or promoting of the Accused Products. Such use is likely to cause confusion, or to cause mistake, or to deceive.

50.     Monster is informed and believes, and on that basis alleges, that Defendants have used the non-genuine marks in connection with their business knowing that the marks are counterfeit. Monster is informed and believes, and on that basis alleges, that the activities of Defendants complained of herein constitute willful and intentional trademark

counterfeiting, and Defendants acted with an intent to unfairly compete against Monster, to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants or Defendants' goods or services are associated with, sponsored by, or approved by Monster, when, in fact, they are not.

51.     Monster is informed and believes, and on that basis alleges, that Defendants had actual knowledge of Monster's ownership and prior use of the registered mark and without the consent of Monster, have willfully and intentionally violated 15 U.S.C. § 1114. Monster is further informed and believes, and on that basis alleges, that this is an exceptional case within the meaning of 15 U.S.C. § 1117.

52.     Defendants, by their actions, have irreparably injured Monster and damaged Monster in an amount to be determined at trial. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## V.     SECOND CLAIM FOR RELIEF
### (Trademark Infringement Under 15 U.S.C. § 1114)

53.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-52 of this Complaint as though fully set forth herein.

54.     This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

55.     Monster owns valid and enforceable federally registered trademarks for the MONSTER™ Marks, including at least the registrations listed in paragraph 12 above.

56.     Defendants have used in commerce, without permission from Monster, colorable imitations, and/or confusingly similar marks to Monster's MONSTER™ Marks that are the subject of at least Monster's U.S. Trademark Registration Nos. 4,051,650, 3,908,601, 4,011,301, 3,914,828, 3,963,669, 4,332,062, 3,908,600, 3,923,683, 3,963,668, 4,822,675, and 4,660,598 in connection with the distributing, selling, offering for sale,

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

advertising, and/or promoting of the Accused Products. Such use is likely to cause confusion or mistake, or to deceive.

57.     Upon information and belief, the activities of Defendants complained of herein constitute willful and intentional infringements of Monster's registered marks, and Defendants did so with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that the Accused Products are associated with, sponsored by, originated from, or are approved by, Monster, when they are not.

58.     Upon information and belief, Defendants had actual knowledge of Monster's ownership and prior use of the MONSTER™ Marks, and have willfully violated 15 U.S.C. § 1114.

59.     Defendants, by their actions, have damaged Monster in an amount to be determined at trial.

60.     Defendants, by their actions, have irreparably injured Monster. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VI.     THIRD CLAIM FOR RELIEF

### (Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))

61.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-60 of this Complaint as though fully set forth herein.

62.     This is an action for trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

63.     As a result of the widespread use and promotion of Monster's MONSTER™ Marks, the MONSTER™ Marks have acquired strong secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the MONSTER™ Marks with Monster.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

64.    Defendants have infringed MONSTER™ Marks, and created a false designation of origin, by using in commerce, without Monster's permission, trademarks and logos that are identical and confusingly similar to Monster's MONSTER™ Marks in connection with the advertisement, offering for sale, and/or sale of the Accused Products.

65.    Defendants' actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Monster with Defendants, and/or as to the origin, sponsorship, or approval of the Accused Products or Defendants' commercial activities, in violation of 15 U.S.C. § 1125(a).

66.    Upon information and belief, Defendants did so with the intent to trade upon Monster's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that the Accused Products are associated with, sponsored by or approved by Monster, when they are not.

67.    Upon information and belief, Defendants had actual knowledge of Monster's ownership and prior use of the MONSTER™ Marks, and without the consent of Monster, willfully violated 15 U.S.C. § 1125(a).

68.    Defendants, by their actions, have damaged Monster in an amount to be determined at trial.

69.    Defendants, by their actions, have irreparably injured Monster. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VII.   FOURTH CLAIM FOR RELIEF

### (Federal Dilution of the Claw Icon Under 15 U.S.C. § 1125(c))

70.    Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-69 of this Complaint as though fully set forth herein.

71.    This is a claim for federal trademark dilution arising under 15 U.S.C. § 1125(c).

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

72.     Products sold under Monster's Claw Icon have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.  By virtue of the wide renown acquired by Monster's Claw Icon, coupled with the national and international distribution and extensive sale of various products distributed under the Claw Icon, the Claw Icon is famous and became so prior to Defendants' acts complained of herein.

73.     Defendants' unauthorized and commercial use of Monster's Claw Icon in connection with the advertisement, offering for sale and sale of the Accused Products has caused and is likely to continue to cause dilution of the distinctive quality of Monster's famous Claw Icon.

74.     Defendants' acts are likely to tarnish, injure, or trade upon Monster's business, reputation or goodwill, and to deprive Monster of the ability to control the use of its Claw Icon and quality of products associated herewith.

75.     Upon information and belief, Defendants' dilution has been willful and deliberate.

76.     Defendants, by their actions, have damaged Monster in an amount to be determined at trial.

77.     Defendants, by their actions, have irreparably injured Monster.   Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## VIII.   FIFTH CLAIM FOR RELIEF

### (Copyright Infringement Under 17 U.S.C. §§ 501 *et seq.*)

78.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-77 of this Complaint as though fully set forth herein.

79.      This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, *et seq.*

80.     Monster is the owner of valid and enforceable copyrights in the Claw Icon, can art, and packaging, which contain copyrightable subject matter under 17 U.S.C. §§ 101, *et seq*.

81.     Monster has complied with the registration requirements of 17 U.S.C. § 411(a) for the Copyrighted Claw Icon Designs, and has obtained Copyright Registration Nos. VA 1-789-900, VA 1-789-991, VA 1-727-577, VA 1-737-654, VA 1-749-215, and VA 1-789-900.

82.     Defendants' deliberate copying of Monster's Copyrighted Claw Icon Designs infringes and continues to infringe Monster's Copyrighted Claw Icon Designs in violation of 17 U.S.C. § 501(a).   Defendants are directly infringing on Monster's exclusive right to reproduce copies, make derivative works, distribute copies, and display its Copyrighted Claw Icon Designs under 17 U.S.C. §§ 106(1)–(3), (5).

83.     Upon information and belief, Defendants' infringement has been willful and deliberate.

84.     Defendants, by their actions, have damaged Monster in an amount to be determined at trial.

85.     Defendants, by their actions, have irreparably injured Monster.   Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## IX.     SIXTH CLAIM FOR RELIEF

### (Arizona Statutory Trademark Infringement – A.R.S. § 44-1451)

86.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-85 of this Complaint as though fully set forth herein.

87.     This is an action for statutory trademark infringement under Arizona Revised Statute § A.R.S. § 44-1451

88.     Monster registered the Claw Icon in connection with clothing with the state of Arizona and owns Arizona Trademark Registration No. 55,441.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

89.     Without the consent of Monster, Defendants have used, in Arizona, the registered Claw Icon on or in connection with the Accused Products in a manner that is likely to cause confusion, cause mistake, or deceive persons as to the affiliation, connection or association of the Defendants with Monster and the origin, sponsorship or approval of the Accused Products.

90.     Without the consent of Monster, Defendants have reproduced, counterfeited, and/or copied the registered Claw Icon in a manner that is likely cause confusion, cause mistake, or deceive persons.

91.     Defendants, by their actions, have damaged Monster in an amount to be determined at trial.

92.     Defendants, by their actions, have irreparably injured Monster.   Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## X.   SEVENTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

93.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-92 of this Complaint as though fully set forth herein.

94.     Monster has common law rights in the MONSTER™ Marks through the consistent use of those marks in commerce.   Monster's common law rights predate Defendants' unauthorized use of the MONSTER™ Marks.

95.     Defendants' acts complained of herein constitute common law infringement of the MONSTER™ Marks

96.     Upon information and belief, Defendants have undertaken these acts willfully and with the intent to trade on Monster's reputation and to cause confusion, mistake, and deception.

97.     Defendants, by their actions, have damaged Monster in an amount to be determined at trial.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

98.     Defendants, by their actions, have irreparably injured Monster.   Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

## XI.   EIGHTH CLAIM FOR RELIEF

### (Dilution Under A.R.S. § 44-1448.01)

99.     Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-98 of this Complaint as though fully set forth herein.

100.     This is an action for dilution under Arizona Revised Statute § 44-1448.01.

101.     Monster owns federal registrations and an Arizona state registration for the Claw Icon.

102.     Monster's Claw Icon is famous and distinctive, and became famous prior to the acts of Defendants complained of herein.

103.     Defendants' unauthorized commercial use of Monster's Claw Icon in connection with the advertisement, offering for sale and/or sale of the Accused Products is likely to cause dilution of the distinctive quality of the famous Claw Icon.

104.     Defendants' aforementioned acts are likely to blur, tarnish, injure or trade upon Monster's business reputation or goodwill, and to deprive Monster of the ability to control its Claw Icon.

105.     Upon information and belief, Defendants willfully intended to trade on Monster's reputation and cause dilution of the famous Claw Icon.

106.     Defendants, by their actions, have damaged Monster in an amount to be determined at trial.

107.     Defendants, by their actions, have irreparably injured Monster.   Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

## XII.   NINTH CLAIM FOR RELIEF

### (Arizona Common Law Unfair Competition)

108.    Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-107 of this Complaint as though fully set forth herein.

109.    This is a claim for unfair competition arising under Arizona common law.

110.    As set forth above, the MONSTER™ Marks are indicative of origin, relationship, sponsorship and association with Monster.

111.    The MONSTER™ Marks are widely recognized by the general public.

112.    Defendants' use of the MONSTER™ Marks in connection with the advertising and sale of counterfeit and infringing products creates a likelihood of confusion or deception of the public as to the source of the counterfeit products and creates a false impression of manufacture, sponsorship, authorization or affiliation by Monster.

113.    Defendants' acts complained of herein violate Monster's common law rights and constitute unfair competition under Arizona common law.

114.    Defendants acted fraudulently and maliciously and with willful disregard of Monster's rights. Defendants' actions were therefore taken in callous disregard of the substantial risk of material harm to Monster, and Monster is entitled to recover punitive or exemplary damages in an amount sufficient to punish the Defendants and to deter others from similar future conduct.

115.    Defendants, by their actions, have damaged Monster in an amount to be determined at trial.

116.    As a direct and proximate consequence of Defendants' actions, Monster has and continues to suffer irreparable injury. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

25416449

### XIII.  TENTH CLAIM FOR RELIEF

### (Distribution of goods bearing Counterfeit Marks A.R.S. § 44-1453)

117.    Monster hereby repeats, realleges, and incorporates by reference paragraphs 1-116 of this Complaint as though fully set forth herein.

118.    This is a claim for violation of Arizona Revised Statute A.R.S. § 44-1453, *et seq*.

119.    Monster owns the MONSTER™ Marks, which have been federally registered.  Monster also owns Arizona Trademark Registration No. 55,441 for the Claw Icon.

120.    Defendants knowingly, and with intent to sell and distribute, used, displayed, advertised, distributed, offered for sale, sold and/or possessed the Accused Products that bear counterfeit marks of at least one of the MONSTER™ Marks.

121.    As a result, Defendants have irreparably injured Monster and Defendants have acquired profits at Monster's expense. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Monster's rights, for which Monster has no adequate remedy at law.

122.    Defendants' conduct constitutes unlawful use of counterfeit marks of the MONSTER™ Marks pursuant to A.R.S § 44-1453(A).

123.    Accordingly, Plaintiffs are entitled to recover up to treble damages and the costs of this lawsuit, including reasonable attorneys' fees pursuant to A.R.S § 44-14531(J).

### XIV.  PRAYER FOR RELIEF

WHEREFORE, Monster prays for judgment against Defendants as follows:

1.    That the Court render a final judgment in favor of Monster and against Defendants on all claims for relief alleged herein;

2.    That the Court render a final judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1114 by counterfeiting Monster's registered trademarks in at least the mark that is the subject of U.S. Trademark Registration No. 4,051,650;

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

3. That the Court render a final judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1114 by infringing Monster's trademark rights in at least the marks that are the subject of U.S. Trademark Registration Nos. 4,051,650, 3,908,601, 4,011,301, 3,914,828, 3,963,669, 4,332,062, 3,908,600, 3,923,683, 3,963,668, 4,822,675, and 4,660,598.

4. That the Court render a final judgment that Defendants have violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing the MONSTER™ Marks by using a false designation of origin, false description or false representation through the marketing, sale and promotion of the Accused Products;

5. That the Court render a final judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1125(c) by diluting Monster's famous Claw Icon;

6. That the Court render a final judgment declaring that Defendants have violated and willfully violated 17 U.S.C. § 501(a) by infringing Monster's Copyrighted Claw Icon Designs;

7. That the Court render a final judgment declaring that Defendants have willfully violated A.R.S. § 44-1451 by infringing the MONSTER™ Marks;

8. That the Court render a final judgment declaring that Defendants have willfully infringed the MONSTER™ Marks in violation of Arizona common law;

9. That the Court render a final judgment declaring that Defendants have willfully violated A.R.S. § 44-1448.01 by diluting Monster's famous Claw Icon mark;

10. That the Court render a final judgment declaring that Defendants have unfairly competed with Monster in violation of Arizona common law;

11. That the Court render a final judgment declaring that Defendants have willfully violated A.R.S. §44-1453 by counterfeiting Monster's registered trademarks in at least the marks that are the subject of U.S. Trademark Registration No. 4,051,650 and Arizona Trademark Registration No. 55,441;

12. That Defendants, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1  receive actual notice of the injunction by personal service or otherwise, be forthwith

2  preliminarily and permanently enjoined from:

3       a.    using any of the MONSTER™ Marks and/or Copyrighted Claw Icon

4  Designs in connection with Defendants' products, using any of the MONSTER™ Marks

5  and/or Copyrighted Claw Icon Designs in advertising or promoting Defendants' products,

6  and/or using confusingly similar variations of any of the MONSTER™ Marks in any

7  manner that is likely to create the impression that Defendants' products originate from

8  Monster, are endorsed by Monster, or are connected in any way with Monster;

9       b.    manufacturing, distributing, shipping, importing, reproducing,

10  displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell

11  any unauthorized products bearing any of the MONSTER™ Marks and/or any

12  confusingly similar marks;

13       c.    manufacturing, distributing, shipping, importing, reproducing,

14  displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell

15  any unauthorized products bearing or using Monster's Copyrighted Claw Icon Designs or

16  any design substantially similar thereto;

17       d.    without permission or authorization from Monster, copying,

18  reproducing, distributing, displaying, creating derivative works of Monster's Copyrighted

19  Claw Icon Designs and/or importing, manufacturing, or producing any products bearing

20  copies or derivative works of Monster's Copyrighted Claw Icon Designs;

21       e.    filing any applications for registration of any trademarks, trade dress,

22  copyrighted works, or designs confusingly similar to the MONSTER™ Marks and/or

23  substantially similar to the Copyrighted Claw Icon Designs;

24       f.    otherwise infringing any of the MONSTER™ Marks or Copyrighted

25  Claw Icon Designs, or otherwise diluting the Claw Icon or any of Monster's other

26  trademarks;

27       g.    falsely designating the origin of Defendants' products;

28       h.    unfairly competing with Monster in any manner whatsoever; and

25416449

i.      causing a likelihood of confusion or injury to Monster's business reputation;

13.     That Defendants be directed to file with this Court and serve on Monster within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116.

14.     That Defendants be required to account to Monster for any and all profits derived by Defendants and all damages sustained by Monster by virtue of Defendants' acts complained of herein;

15.     That Defendants be ordered to pay over to Monster all damages which Monster has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

16.     That this case be deemed exceptional and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

17.     That an award of treble damages be awarded to Monster pursuant to A.R.S. § 44-1453(J);

18.     That Monster be awarded its damages and Defendants' profits under 17 U.S.C. § 504, as well as enhanced damages pursuant to 17 U.S.C. § 504. Alternatively, if Monster elects, that Monster be awarded statutory damages pursuant to 17 U.S.C. § 504;

19.     That Defendants' actions be deemed willful;

20.     That an award of reasonable costs, expenses, and attorneys' fees be awarded to Monster pursuant to at least 15 U.S.C. § 1117, A.R.S. §44-1451(B)(2)(c), and A.R.S. §44-1453(J).

21.     That Defendants be required to deliver and destroy all devices, literature, advertising, goods and other unauthorized materials bearing any of the MONSTER™ Marks, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503;

22.     That Monster be awarded restitution and disgorgement; and

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1      23.    That Monster be awarded such other and further relief as this Court may

2   deem just.

3                    **XV.    DEMAND FOR TRIAL BY JURY**

4          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Monster

5   hereby demands a trial by jury on all issues so triable.

6          DATED this 21st day of December, 2016.

7                                          SNELL & WILMER L.L.P.

8

9                                          By:/s/ Trisha Lau

10                                             David E. Rogers
                                               Trisha Farmer Lau
11                                             One Arizona Center
                                               400 E. Van Buren, Suite 1900
12                                             Phoenix, Arizona  85004-2202

13                                             KNOBBE, MARTENS, OLSON &
                                               BEAR, LLP
14
                                               Lynda J. Zadra-Symes
15                                             (*pro hac vice* pending)
                                               Jason A. Champion
16                                             (*pro hac vice* pending)
                                               Julianna M. Simon
17                                             (*pro hac vice* pending)

18                                             Attorneys for Plaintiff Monster Energy
                                               Company
19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000